UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CHARLES BALISTRERI and MARIE
BALISTRERI, et al.,

                              Plaintiffs,

                - against -

ALLSTATE INSURANCE COMPANY,

                              Defendant.
-----------------------------------------------------------X
FEUERSTEIN, J.

**OPINION AND ORDER**
**13 CV 6330 (SJF)(AKT)**
**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★    NOV 2 5 2013    ★

**LONG ISLAND OFFICE**

On November 13, 2013, one hundred seventy-eight (178) plaintiffs commenced this

action against defendant Allstate Insurance Company ("defendant") pursuant to, *inter alia*, the

National Flood Insurance Act ("NFIA"), 42 U.S.C. §§ 4001, *et seq.*, each seeking to recover: (1)

his or her actual damages resulting from defendant's purported breach of contract, i.e., its failure

to pay the full amount of each plaintiff's respective claims under an insurance policy issued to

him or her by defendant; and (2) compensatory, consequential and punitive damages for

defendant's alleged fraudulent misrepresentation and inducement.  For the reasons set forth

below, plaintiffs' fraudulent misrepresentation and inducement claims are *sua sponte* dismissed

with prejudice as meritless and the remaining claims of all plaintiffs except the first-named

plaintiff(s), Charles Balistreri and Marie Balistreri (collectively, "Balistreri"), are *sua sponte*

severed from this action pursuant to Rule 21 of the Federal Rules of Civil Procedure and

dismissed without prejudice to commencing separate actions for each insurance policy issued by

defendant.

1

I.    Background

   A.    Factual Background

The complaint alleges, *inter alia*: (1) that defendant is a "Write Your Own" insurance carrier participating in the National Flood Insurance Program pursuant to the NFIA, (Complaint ["Compl."], ¶ 3); (2) that defendant issued an insurance policy to each plaintiff covering losses to his or her property and contents "against physical damage by or from flood," (Compl., ¶¶ 4, 9); (3) that each plaintiff paid all of the premiums on his or her policy, (Compl., ¶ 10); (4) that as a result of "a devastating storm" on October 29, 2012 ("the Storm"), each plaintiff's insured property and contents were damaged "by and from flood," (Compl., ¶¶ 11, 12); (5) that each plaintiff reported and properly submitted a claim under his or her policy to defendant, (Compl., ¶ 13); (6) that defendant "wrongfully denied or unfairly limited payment on the Plaintiffs' claims," (Compl., ¶ 14); (7) that each plaintiff retained an independent expert to evaluate the damages to his or her property and contents, (Compl., ¶ 15); and (8) that the independent expert of each plaintiff determined that "the flood event critically damaged [that plaintiff's] covered propert[y]," id.


   B.    Procedural History

On November 13, 2013, one hundred seventy-eight (178) plaintiffs commenced this action against defendant pursuant to, *inter alia*, the NFIA and common law.  The complaint asserts two (2) claims for relief for: (1) breach of contract, with each plaintiff seeking to recover the actual damages he or she sustained as a result of defendant's denial and/or limitation of his or her claims under his or her respective insurance policy.  (Compl., ¶¶ 16-21); and (2) fraudulent

2

misrepresentation and inducement, with each plaintiff seeking compensatory, consequential and punitive damages for defendant's purported intentional misrepresentation of flood coverage and claims services "to Plaintiffs and the public in order to induce Plaintiffs and others to purchase and pay premiums under the Policies," (Compl., ¶¶ 22-27).

## II.     Discussion

### A.     Fraudulent Misrepresentation and Inducement Claim

In their second claim for relief, plaintiffs allege, *inter alia*: (1) that "prior to issuing [each plaintiff's] Polic[y], [defendant] fraudulently misrepresented coverage * * *, (Compl., ¶ 23); (2) that "[a]s an inducement to purchase insurance, [defendant] misled the public and its insureds that it would readily and willingly pay the full amount of claims,' (id.); (3) that defendant "fraudulently induced and misled each Plaintiff during the procurement process by promising to pay claims in good faith and according to the Policies' terms and conditions when it had no intention to do so," in order to "further its own economic interests," (Compl., ¶ 24); and (4) that defendant "knowingly misrepresented flood coverage and claims services," (Compl., ¶ 25).

"To state a claim for fraudulent misrepresentation under New York law 'a plaintiff must show that (1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance.'" Eternity Global Master Fund Limited v. Morgan Guaranty Trust Co. of New York, 375 F.3d 168, 186-87 (2d Cir. 2004) (quoting Banque Arabe et Internationale D'Investissement v. Md. Nat'l Bank, 57 F.3d 146, 153 (2d Cir. 1995)); see also Manning v. Utilities Mutual Ins. Co., Inc., 254 F.3d 387, 400 (2d Cir. 2001)

("Under New York law, the essential elements of a fraud claim include representation of a material existing fact, falsity, scienter, deception, and injury." (quotations, italics and citation omitted)). False statements, even if intentionally made, merely indicating an intent to perform under the parties' contract are "not sufficient to support a claim of fraud under New York law." Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc., 98 F.3d 13, 19-20 (2d Cir. 1996); see also Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc, 500 F.3d 171, 184 (2d Cir. 2007) ("New York distinguishes between a promissory statement of what will be done in the future that gives rise only to a breach of contract cause of action and a misrepresentation of a present fact that gives rise to a separate cause of action for fraudulent inducement."); Wall v. CSX Transportation, Inc., 471 F.3d 410, 416 (2d Cir. 2006) ("[G]eneral allegations that defendant entered into a contract while lacking the intent to perform it are insufficient to support [a fraud] claim." (quoting New York Univ. v. Cont'l Ins. Co., 87 N.Y.2d 308, 318, 639 N.Y.S.2d 283, 662 N.E.2d 763 (N.Y. 1995)); Manning, 254 F.3d at 401 (holding that a mere "statement of intent to perform under [a] contract[] cannot constitute fraud in New York.")

"To maintain a claim of [fraudulent inducement of a contract], a plaintiff must either: (i) demonstrate a legal duty separate from the duty to perform under the contract, * * * or (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract, * * *" or (iii) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages." Bridgestone/Firestone, 98 F.3d at 20; see also Wall, 471 F.3d at 416 ("New York law specifically recognizes causes of action for fraud in the inducement when the misrepresentation is collateral to the contract it induced."); TVT Records v. Island Def Jam Music Group, 412 F.3d 82, 91 (2d Cir. 2005) ("[I]n a situation where a defendant fails to disclose an intention not to

4

perform a promise in the future, one of the ways a plaintiff can maintain a fraud claim under New York law is by also demonstrating a fraudulent misrepresentation collateral or extraneous to the contract. * * * However, the non-disclosure of collateral aims * * * do [sic] not constitute actionable fraudulent misrepresentations collateral or extraneous to the contract. * * * [A]llegations about defendants' states of minds [sic] used to support the contention that they intended to breach the contract * * * [are not distinct fraudulent misrepresentations]." (quotations, brackets and citations omitted)); Manning, 254 F.3d at 400 (holding that an insured's fraud claim against an insurer "can proceed if it sufficiently alleges that [the insurer] engaged in fraud collateral or outside the contract, which was intended to defeat the contract." (quotations and citations omitted)).

District courts have inherent authority to dismiss meritless claims *sua sponte*, even if the plaintiffs have paid the filing fee. See Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) (holding that the district court has the power to dismiss a frivolous complaint *sua sponte* even if the plaintiff has paid the filing fee); see also Zahl v. Kosovsky, 471 Fed. Appx. 34, 37 (2d Cir. Mar. 27, 2012), cert. denied, 133 S. Ct. 1460, 185 L.Ed. 2d 363 (2013) ("A district court has inherent authority to dismiss meritless claims *sua sponte*, even where a plaintiff has paid the filing fee."); Zapolski v. Federal Republic of Germany, 425 Fed. Appx. 5, 5 (2d Cir. Apr. 14, 2011) (accord).

The complaint does not allege that defendant owed plaintiffs a legal duty separate from its duty to perform under the respective insurance policies; the only misrepresentation alleged relates to defendant's future intent to perform under the parties' contract, i.e., to pay the full amount of each plaintiff's claims under his or her insurance policy and, thus, it is not collateral or

5

extraneous to the contract; and plaintiffs do not seek special damages. Accordingly, plaintiffs' fraudulent misrepresentation and inducement claims are *sua sponte* dismissed as meritless.

B.      Permissive Joinder of Plaintiffs

Rule 20(a)(1) of the Federal Rules of Civil Procedure permits the joinder of multiple plaintiffs in an action if:

> "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."

In determining whether claims relate to, or arise out of, the same "transaction" or "occurrence" under Rule 20(a), "courts are to look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" Kalie v. Bank of America Corp., — F.R.D.—, 2013 WL 4044951, at * 3 (S.D.N.Y. Aug. 9, 2013) (quoting United States v. Aquavella, 615 F.2d 12, 22 (2d Cir. 1979)); see also Abraham v. American Home Mortgage Servicing, Inc., — F. Supp. 2d —, 2013 WL 2285205, at * 3 (E.D.N.Y. May 23, 2013) (Rule (20)(a)(1)); Peterson v. Regina, 935 F. Supp. 2d 628, 638 (S.D.N.Y. 2013) (Rule 20(a)(2)); Deskovic v. City of Peekskill, 673 F. Supp. 2d 154, 166 (S.D.N.Y. 2009) (Rule 20(a)(2)); Barnhart v. Town of Parma, 252 F.R.D. 156, 160 (W.D.N.Y. 2008) (Rule 20(a)(1)). Plaintiffs bear the burden of demonstrating that joinder is proper under Rule 20(a). Kalie, —F.R.D.—, 2013 WL 4044951, at *5; Deskovic, 673 F. Supp. 2d at 159.

Plaintiffs' claims in this case are not properly joined pursuant to Rule 20(a)(1) of the Federal Rules of Civil Procedure. Indeed, judicial economy and fairness dictate that plaintiffs'

claims under each distinct insurance policy issued by defendant be tried separately. In order for a plaintiff's right to relief to relate to, or arise out of, a transaction or occurrence for purposes of Rule 20(a), the "transaction" or "occurrence" must relate to the contract purportedly breached by defendant, i.e., the insurance policy. The one hundred seventy-eight (178) plaintiffs herein separately purchased, and were issued, one hundred ten (110) distinct insurance policies from defendant at different times; each of those one hundred ten (110) insurance policies relates to a separate and distinct property; each plaintiff separately performed his or her own obligations under his or her respective insurance policy, e.g., paid the premiums and submitted claims thereunder; and each plaintiff seeks to recover his or her actual damages as a result of defendant's purported breach of his or her respective insurance policy, i.e., either defendant's outright denial of his or her claims or its failure to pay the entire amounts claimed by him or her. The fact that plaintiffs' separate properties, for which they made distinct claims under the separate insurance policies issued to them by defendant, all sustained damage as a result of the same storm is immaterial for purposes of Rule 20(a) of the Federal Rules of Civil Procedure, i.e., each plaintiff's right to relief under his or her respective insurance policy issued by defendant is not affected by the fact that the flood which allegedly damaged his or her property may have been occasioned by the Storm. Moreover, defendant will likely have different justifications for denying and/or limiting each plaintiff's claims. Since the one hundred ten (110) insurance policies upon which plaintiffs claim a right to relief do not relate to, or arise out of, the "same transaction, occurrence, or series of transaction or occurrences," plaintiffs are not properly joined in this action pursuant to Rule 20(a) of the Federal Rules of Civil Procedure.

7

C.  Misjoinder

Rule 21 of the Federal Rules of Civil Procedure provides, in relevant part, that

"[m]isjoinder of parties is not a ground for dismissing an action.  On motion or on its own, the

court may at any time, on just terms, add or drop a party."  Thus, "[i]f a court concludes that

[parties] have been improperly joined under Rule 20, it has broad discretion under Rule 21 to

sever [those] parties * * * from the action."  Kalie, — F.R.D.—, 2013 WL 4044951, at * 3

(quoting Deskovic, 673 F.Supp.2d at 159-60); see also Adams v. US Bank, NA, No. 12 CV

4640, 2013 WL 5437060, at * 4 (E.D.N.Y. Sept. 27, 2013).

In determining whether to sever parties improperly joined under Rule 20(a), courts

generally consider, in addition to the factors set forth in Rule 20(a), "whether settlement of the

claims or judicial economy would be facilitated; [] whether prejudice would be avoided if

severance were granted; and [] whether different witnesses and documentary proof are required

for the separate claims."  Crown Cork & Seal Co., Inc. Master Retirement Trust v. Credit Suisse

First Boston Corp., 288 F.R.D. 331, 333 (S.D.N.Y. 2013) (quoting Erausquin v. Notz, Stucki

Mgmt. (Bermuda) Ltd., 806 F. Supp. 2d 712, 720 (S.D.N.Y. 2011)).  "A court should consider

whether severance will 'serve the ends of justice and further the prompt and efficient disposition

of litigation.'"  Crown Cork, 288 F.R.D. at 332 (quoting T.S.I. 27, Inc. v. Berman Enters., Inc.,

115 F.R.D. 252, 254 (S.D.N.Y. 1987)); see also In re Ski Train Fire in Kaprun, Austria, on

November 11, 2004, 224 F.R.D. 543, 546 (S.D.N.Y. 2004).

Joinder of the claims of one hundred seventy-eight (178) plaintiffs involving one hundred

ten (110) separate insurance policies does not serve the interest of judicial economy.  There will

be little, if any, overlapping discovery and each plaintiff's breach of contract claim will require

distinct witnesses and documentary proof. "The interest in economy is affirmatively disserved by forcing these many parties to attend a common trial at which these separate, unrelated claims * * * would be resolved." Kalie, — F.R.D.— , 2013 WL 4044951, at * 6. Furthermore, settlement of the claims is likely to be facilitated if the claims relating to one hundred ten (110) separate insurance policies are litigated separately. See Adams, 2013 WL 5437060, at * 4. In addition, "[a] joint trial could lead to confusion of the jury and thereby prejudice [the] defendant[]." Kalie, — F.R.D.—, 2013 WL 4044951, at * 6 (quotations and citation omitted). Accordingly, all of the remaining claims by plaintiffs other than Balistreri are *sua sponte* severed pursuant to Rule 21 of the Federal Rules of Civil Procedure and dismissed without prejudice to commencing separate actions for each insurance policy issued by defendant.

III.     Conclusion

For the reasons stated herein, plaintiffs' fraudulent misrepresentation and inducement claims are *sua sponte* dismissed with prejudice as meritless and all remaining claims by plaintiffs other than Balistreri are *sua sponte* severed pursuant to Rule 21 of the Federal Rules of Civil Procedure and dismissed without prejudice to commencing separate actions for each insurance policy issued by defendant.

SO ORDERED.

s/ Sandra J. Feuerstein

SANDRA J. FEUERSTEIN
United States District Judge

Dated: November 25, 2013
          Central Islip, N.Y.